## Ozias Wheeler, Plaintiff in Error, *v.* William McCorristen, Defendant in Error.

### ERROR TO LEE.

A party who claims property under a levy, as an officer, should set up the execution in his pleadings.

The oral or written declarations of a vendor, against a vendee, are not proper testimony.

This was an action of replevin commenced in the Lee Circuit Court by the defendant in error, against Ozias Wheeler, sheriff of Lee county, and was tried at the June term, A. D. 1858, of said court, before Eustace, Judge, and a jury, and a verdict found for defendant in error. A motion for a new trial was made, and overruled.

The declaration contained one count, alleging that the plaintiff in error, on 10th April, 1857, in Dixon, Lee county, in a certain dwelling-house there, took one parlor carpet, one dining-room carpet, one oil-cloth, eighteen chairs, one parlor stove, one sofa, and one table, of the said plaintiff, and unjustly detained the same, etc.

The defendant filed to this declaration four pleas: 1st, Non cepit; 2nd, Non detinet; 3rd, Property in defendant; and 4th, Property in Patrick M. Kilduff.

To the first and second pleas the plaintiff took issue to the country; and to the third and fourth pleas, replied, property in the plaintiff, on which defendant took issue to the country.

The cause was submitted to the jury, who returned a verdict for the plaintiff, and assessed his damages at one cent; whereupon the defendant, by his council, entered a motion for a new trial, which motion was overruled by the court, and judgment rendered upon the verdict.

CHUMASERO & ELDREDGE, for Plaintiff in Error.

T. L. DICKEY, for Defendant in Error.

BREESE, J. In this case, the defendant below did not, in his plea, justify the taking of this property under an execution, or other process, against Kilduff, or any one else. We have a right, then, to suppose he did not so take it, and all evidence of an execution was properly rejected. It follows then, if there was no execution, the defendant showed no right to disturb the plaintiff in his peaceable possession of the property. Suppose it was Kilduff's property, if the defendant had no process to seize it, the plaintiff had the right to keep the possession of it, until ousted by the true owner.

All the instructions given or refused by the court, were based on this view of the case, and we see no error in the action of the court upon it. If an execution had been pleaded, the case would have been very different.

Had a justification under a *fi. fa.* been set up, some of the instructions of the court, as given for the plaintiff were wrong, and some asked for the defendant, and refused, should have been given. We do not hesitate to say, had such a plea been pleaded, that the weight of evidence is clearly with the defendant that the property was Kilduff's. A sale to Kilduff, under the mortgage, was proved. McCorristen afterwards admitted the property to be Kilduff's, and had it shipped in his name, taking the receipt in his name, and when sworn as a witness in another case, he declared under oath that the property was Kil-

duff's. It would not be just that he should now say that on the sale under the mortgage, no money was paid by Kilduff, and that the whole of that proceeding was a mere sham. He has sworn that it was real. Assuming it to be true, that there was a sale to Kilduff, the only evidence of a resale was the bill of sale executed, as is proved, after the commencement of this suit, and therefore it could not affect the right of an execution creditor of Kilduff. It would amount to no more than a parol declaration of his, after other rights had accrued, which are not permitted to invalidate such rights. To receive the written or oral declarations of a vendor after a sale, against the vendee, would be opening a door to fraudulent combinations between vendors and vendees, which would be of the most dangerous tendency. But here were no rights established under legal process, and no authority shown to disturb the plaintiff in the peaceable enjoyment of this property. If it was Kilduff's, the defendant showed no right to meddle with it or seize it. The judgment must be affirmed.