# THOMAS VENNUM
## *v.*
# THOMAS E. THOMPSON.

1. EVIDENCE—*declarations of a vendor as to the title to the property.* A vendor of property can not, by any declarations of his, disparage the title of his vendee. But this rule can not apply where the declarations were made before the sale and while the vendor was still in the possession of the property.

ROAN COLOR—*what constitutes.* In an action of replevin for a yoke of oxen, it was held not to be error to refuse an instruction asked by the defendant, which assumed that if the cattle were of a roan color, they could not be white and red spotted. It was proper for the jury to say whether a roan color is made up of red and white.

WRIT OF ERROR to the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of replevin brought in the court below by Thomas E. Thompson against Thomas Vennum.

A trial resulted in a verdict and judgment for the plaintiff. The defendant thereupon sued out this writ of error.

The case is sufficiently stated in the opinion of the court for an understanding of the questions decided.

Mr. GEORGE B. JOINER, for the plaintiff in error.

Messrs. WOOD and LONG, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin for a yoke of oxen. There was a trial by jury and a verdict and judgment for the defendant in error, and the case brought here by writ of error.

The principal questions are :

1. Were Edmonds' declarations competent testimony ?

2. Were the instructions proper ?

The defendant below claimed property in the oxen by an alleged purchase from Edmonds, who had them in his possession as the bailee of defendant in error, the real owner, under a contract to purchase them and to pay for them by a given day which had not arrived when he parted with the possession to the plaintiff in error.

The rule that a vendor can not, by any declarations of his, disparage the title of his vendee, is well settled. *Wheeler* v. *McCorristen*, 24 Ill. 40. This rule, however, can not apply here, for the reason that Edmonds' declarations, as proved, were made before the sale to the plaintiff in error, and while he, Edmonds, had possession of the property. Edmonds had taken the oxen by direction of defendant in error, to go to Ashgrove for a load of corn, and returned without them, pre-

tending they had broke away and he could not find them. While thus in his possession, the declarations were made which were given in evidence.

Although there was some conflict in the testimony, yet we think it greatly preponderated in favor of the defendant in error, and showed a clear case of breach of trust by Edmonds, amounting almost, if not quite, to larceny, and that plaintiff in error was not ignorant of the circumstances attending the property and of Edmonds' claim to it.

We perceive no objection to the instructions. They fairly submitted the question on the evidence, of a combination or not between the plaintiff in error and Edmonds, to deprive the defendant in error of the oxen, and whether there was in fact a sale of them by Edmonds to the plaintiff in error. The jury were the judges of the credibility of the witnesses called to these points, and we think they decided properly, that the title had not passed out of the defendant in error.

It was no error to refuse the instructions asked by plaintiff in error. The first assumes if the cattle were of a roan color, that they could not be white and red spotted, when it was proper for the jury to say whether a roan color is made up of red and white. The identity of the cattle was peculiarly within the province of the jury to determine. Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*