## JOHN RANDEGGER

### *v.*

## WILLIAM EHRHARDT *et al.*

1. EVIDENCE—*statements of vendor as to title of his vendee.* The statements and declarations of a vendor in reference to ownership of the property sold, made before the sale, are admissible on an issue of ownership, where the vendee is a party; such declarations bind parties and privies, and the vendee is a privy.

2. But declarations of the vendor in reference to the ownership of the property, made after the sale, are not admissible in evidence to defeat the title of his vendee, unless the vendee is present at the time such declarations are made, and either expressly or tacitly assents to their truth.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. WILLIAM WINKELMAN, for the plaintiff in error.

Messrs. HAY & KNISPEL, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin commenced by defendants in error in the St. Clair Circuit Court, against plaintiff in error, for the recovery of a small steam engine. It appears that the administrator of Abraham Anderson, deceased, about the 13th day of February, 1868, sold a portion of the real estate which had belonged to deceased in his lifetime, for the payment of debts; that defendants in error purchased a brewery at the sale, and it is claimed that the engine and its attachments belonged to and passed with the brewery; or, at least, if it was not a portion of the realty, that plaintiff in error being present at the sale, and the engine being claimed by the administrator and sold with the brewery, he failed to assert any claim to the property in controversy, and he is now estopped from claiming it, and hence has no right to defeat a recovery.

On the other hand, plaintiff in error claims to have purchased the property and paid for it to one William Anderson, and that he did no act by which he is estopped to assert that right. It appears that plaintiff in error had rented a shop connected with and adjoining the brewery, and was occupying it at the time the sale was made. Plaintiff in error introduced a receipt from William Anderson for the price of the engine, dated some time prior to the sale. Defendants introduced evidence that William Anderson had turned over this property to the administrator, as belonging to the estate. They

also insisted that the receipt was not *bona fide*, and then intro-
duced evidence, against the objections of plaintiff in error, of
the statements of William Anderson as to the ownership of
the property, made subsequently to the date of the receipt,
and when plaintiff in error was not present.   And this is now
urged as error.

That the declarations of a vendor in reference to the owner-
ship of property, made before the sale thereof, are admissible
on an issue of ownership, where the vendee is a party, there
seems to be no doubt.   It is upon the principle that such
declarations bind parties and privies, and that the purchaser
is a privy.   But no case has gone the length of holding that
the declarations of a vendor made after the sale can be used
to defeat the title of the purchaser, unless he is at the time
present, and assents, either expressly or tacitly, to their truth.
Nor is there any reason why they should be admitted.   After
the vendor has parted with the title and sold the property, he
has no further connection with it, and from that time forward
he is as much a stranger to the property, and as powerless to
affect the rights of the vendee, as any other third person.
Declarations made by him after the sale, stand precisely on
the same footing as statements made by any other person, and
neither are admissible.   The court below therefore erred in
permitting these statements of William Anderson to go to the
jury.

Nor is it an answer to say that plaintiff in error had not
then introduced evidence of his title.   Defendants in error
were proving title, and they should have called Anderson him-
self and examined him as a witness.   He was competent.   He
was not a party to the record, and the proof of his subsequent
declarations were hearsay, and hence inadmissible.   So far as
we can see from this record, however, his statements are of no
more force than those of any other person.   The evidence was
conflicting.   Anderson testified that he sold the property to
plaintiff in error, and the latter testified that he purchased it
of him and paid for it.   They both testified that the receipt

was given about the time of the sale and at its date. They both say that the receipt was never, after it was given, in Anderson's hands, while other witnesses state that plaintiff in error went to Anderson's house and got it, when he was called upon in reference to his claim. In this conflict, the evidence of the statements of Anderson, in contradiction of his testimony, may have had a preponderating weight in determining the issue; and as it may have determined the case, we cannot say that justice has been done, notwithstanding the admission of this evidence.

As to whether plaintiff in error stood by when the property was sold, and failed to claim it as his own, and thus misled the purchasers, is for the determination of a jury; and we deem it unnecessary to discuss it on this trial.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*