CORA GULLETT ET AL.

v.

FLOYD OTEY, use, etc.

1. DECLARATIONS.—In a case of replevin, where two parties claimed the horse in question, it was error to permit them to introduce in evidence the declarations of their respective vendors, made to third persons, and in the absence of the other. But the declarations of the respective vendors, made before either had parted with his alleged title, and when both were present, would be competent to be shown by either party.

2. SUIT ON REPLEVIN BOND.—When suit is instituted upon a replevin bond, and the appellant seeks to defeat a recovery upon the ground that the merits of the controversy were not tried, the burden as to the right of property rests upon him, the same as in the replevin suit.

3. JURISDICTION.—Where it was urged by appellant that the court erred in permitting the summons to be amended by attaching the seal, held, that after submitting to the jurisdiction of the court by filing his pleas, the appellant can not be heard upon this question.

APPEAL from the County Court of Greene county; the Hon. L. R. LAKIN, Judge, presiding. Opinion filed January 6, 1886.

Mr. JAMES R. WARD, for appellants.

Mr. JOHN G. HENDERSON, for appellees.

CONGER, J. The facts necessary to an understanding of this case are briefly as follows : W. D. Gullett and his son, B. T. Gullett, resided together, and had upon the farm where they lived a certain mare, of which both at different times claimed to be the owner, and which both are shown to have used.

B. T., the son, died in August, 1884, and W. D., the father, upon the 28th of the following March. Mrs. Market, the appellee, claimed the mare in question, by virtue of an alleged transfer to her by W. D., in consideration of having waited upon him during a severe sickness, while Cora Gullett, one of the appellants, insisted that the mare had been the property of her husband, B. T., and that he, during his life-

Gullett v. Otey.

time, had given the same to her. It appears from the evidence that the mare was delivered to Mrs. Market by W. D., about three months before his death, and it remained in her possession until the 11th of May, 1885, when appellees brought an action of replevin before a justice for its recovery, and gave the bond upon which the present suit is founded.

The replevin suit having been dismissed without a trial upon the merits, Mrs. Market brings this action upon the bond, and the principal question is the ownership of the property.

Upon the trial below both parties were allowed to prove the declarations of their respective grantors, not in disparagement, but in affirmation of their respective titles.

This was error. The declarations and admissions of a vendor in reference to the ownership of the property sold, made before the sale, and in disparagement of his own title, are admissible on an issue of ownership when the vendee is a party. Such declarations bind parties and privies, and the vendee is a privy. But they are clearly inadmissible if made after the sale, unless vendee is present at the time and either expressly or tacitly assents to their truth. Greenleaf on Ev., Sec. 190. Randegger v. Ehrhardt et al., 51 Ill. 101.

But the declarations of a vendor can not be offered in evidence by his own vendee. When admissible it is upon the ground that such declarations are those of parties to the record, or their privies, and as such can be offered only by the adverse party. The parties in this case could no more introduce the declarations of their respective vendors made to third persons, and in the absence of the other, than they could their own.

The evidence of both parties as to what their respective vendors said and did at the time of and in reference to the alleged gift or sale to them, would be proper as part of the *res gestæ.*

So, too, the declarations of both father and son made before either had parted with his alleged title, and when both were present, would be competent to be shown by either party.

Both appellant and appellee asked and obtained instructions, asserting that where one who is the owner of property is present when another is claiming to be the owner, it is the duty of such person to speak out and publicly make claim to such property and contradict the claims of such other person.

These instructions are erroneous and misleading. Under certain circumstances the doctrine announced by them is doubtless true, under others, it would not be.

It is a question of fact for the jury to determine whether the circumstances surrounding the parties in this case made it their duty to speak, and whether their silence should be construed as an admission of right in the adverse claimant or not. Appellant's fourth instruction was also erroneous in informing the jury that the burden of proof as to the ownership of the property rested upon Mrs. Market.

The latter was in the possession of the property, and appellant sought by the replevin suit to transfer such possession to herself, and to succeed in so doing would be compelled to establish her right by a preponderance of the evidence. When suit is instituted upon the bond, and appellant seeks to defeat a recovery upon the ground that the merits of such controversy were not tried, she stands in the same position, and the burthen as to the right of property rests upon her, the same as in the replevin suit.

Appellant insists that the court erred in permitting the summons to be amended by attaching the seal. It is only necessary to observe that after submitting to the jurisdiction of the court by filing her pleas, she can not be heard upon this question.

For the error in admitting the improper testimony we are compelled to reverse the judgment, as we can not know how the jury might have found had this evidence been excluded.

Reversed and remanded.