## EDSON KEITH ET AL.

### V.

## ISAAC EDWARDS, SHERIFF, FOR USE, ETC.

*Replevin—Bond—Action of Debt on—Practice Act, Sec. 2.*

1.  Sec. 2 of the Practice Act applies only to those residing and served with process out of the county where the suit is brought, and who do not appear and defend the action, nor can it make any difference in such case that suit was dismissed against the only defendant residing in the county where the suit was brought and judgment rendered against the non-resident defendants, they having appeared and defended the action.

2.  A plaintiff in a replevin suit, having dismissed the same, can not contest the right and title of the sheriff who sues upon the bond (the goods not having been returned, although a *retorno* has been awarded) for the use of a constable who had levied upon a given stock in behalf of various creditors, to the extent of their value to cover all the judgments and costs under the constable's executions. He can only show his own title to the goods by way of mitigation of damages. If the goods were worth more than the constable's lien upon them, he may, by proof of title, mitigate damages to that extent.

3.  The proof of value of articles replevied may be made by the judgment and opinion of witnesses, they being subject to full cross-examination as to the basis of their opinions.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Lee County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Mr. A. K. TRUSDELL, for appellants.

Messrs. DIXON & BETHEA, for appellee.

The bill of exceptions contains no exception to the judgment of the court below, no exception to the overruling of the motion for a new trial, and no exception to the refusal of appellants' propositions of law.

The case was submitted to the court without a jury. This court can not pass upon any of the questions raised by appel-

Keith v. Edwards.

lants, and must affirm the judgment of the court below. The David M. Force Manf. Co. v. Horton, 74 Ill. 310; Duncan v. Chandler, 5 Ill. App. 499; Griffith v. Welsh, 32 Ill. App. 396; James v. Dexter, 113 Ill. 654; Law v. Fletcher, 84 Ill. 45; Roblin v. Yaggy, 35 Ill. App. 537.

It is not enough for the record to show exceptions outside of the bill of exceptions. The David M. Force Manf. Co. v. Horton, *supra;* Boyle v. Levings, 28 Ill. 314; Drew v. Beall, 62 Ill. 164; Shedd v. Dalzell, 30 Ill. App. 356; Hursen v. Lehman, 35 Ill. App. 489; Alley v. Limbert, 35 Ill. App. 592.

There was no error in rendering judgment against appellants, who resided in Cook County, when there was no judgment against a defendant who resided in Lee County; because appellants entered their appearance and defended the case. Rev. Stat., 2d Vol.; Starr & C. Ill. Stats. 110, Sec. 2, p. 1773; Herkimer v. Sharp, 5 Ill. App. 620; Humphrey v. Phillips, 57 Ill. 132; Kenney v. Greer, 13 Ill. 432; Wallace v. Cox, 71 Ill. 548.

It is proper to enter a judgment by confession before a justice of the peace. Hopkins v. Walter, 11 Ill. 543; Bliss v. Harris, 70 Ill. 343; Boettcher v. Bock, 74 Ill. 332.

LACEY, P. J. This was a suit commenced by the appellee, Isaac Edwards, who sues for the use of Wilson S. Berry, a constable in Lee County, the usee for various execution creditors who had recovered judgments before a justice of the peace against the Foley sisters in Paw Paw, and had issued executions thereon against the said Foley sisters and placed them in the hands of the usee, Berry, as constable, for collection, who had made a levy on a stock of millinery goods in possession of the said sisters, Abbie Parker and Julia Foley. The appellants having a chattel mortgage given by the said Foley sisters to them to secure a debt of about $664 due them, replevied the goods out of the hands of the usee on a writ of replevin issued out of the Circuit Court, and in doing which they gave to the sheriff, Isaac Edwards, appellee, the indemnifying bond required by the statute, with the Dixon National Bank as security in the penal sum of $1,200. The said

sheriff, the appellee herein, then replevied the goods and delivered them into the possession of the appellants. The replevin suit was not tried, but at a term of court following was dismissed on the motion of the plaintiffs without trial of the merits of the case, and a *retorno habendo* was awarded to the constable, Berry, and the goods not having been returned this suit was commenced on the replevin bond. The appellants are residents of the county of Cook. The Dixon National Bank was a resident of Lee County and the suit commenced in that county. Summons issued to that county and served on the bank, and also another summons was issued to the sheriff of Cook County and served upon the appellants in that county. Appellants pleaded various pleas to the declaration, and the pleas being lost, as well as the declaration, it was stipulated by and between appellants and appellee to try the cause on a copy of the declaration, and that either party could give evidence of any matter that would be proper had the same been specially pleaded. A jury was waived and the cause tried by the court. After the evidence was all heard the court permitted appellee, over the objection of appellants, to dismiss his suit as to the Dixon National Bank, the only resident of Lee County. After the dismissal of the suit as to the bank, the court found the issues for appellee in debt $1,200, the penalty of the bond, and assessed appellee's damages at $900 and rendered judgment thereon after overruling appellant's motion for a new trial and in arrest of judgment.

The first point made by appellants is that the court erred in rendering judgment against appellants after appellee dismissed his suit against the Dixon National Bank. This supposed error is based on the second section of the Practice Act, Chap. 110, R. S., as follows:

"It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law where there is more than one defendant, the plaintiff commencing his action where neither of them resides, may have his writ or writs issued directed to any county or counties where the other defendants or either

of them may be found. Provided, that if a verdict shall not be found or a judgment rendered against the defendant or defendants resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action." 2 Starr & C. Ill. Stats., Chap. 110, page 1773.

We think, clearly, under the statute, this contention of the plaintiff can not be maintained. The section is qualified by the last clause, which makes the statute only applicable to those residing and served with process out of the county where the suit is brought, and to cases where they do not appear and defend the action. In this case the appellants appeared, pleaded, entered into an agreement to try the case before the court without pleas, and introduced evidence. They have clearly brought themselves within the exception of the statute. Nor can it make any difference, in our judgment, that the suit was dismissed against the resident defendant. If the appellants had desired to avail themselves of the benefits of the statute, they should not have appeared and defended, but allowed their security, the Dixon National Bank, to do so, which appeared to have a good defense, having no authority under the banking law to sign a replevin bond as security. In such case, if no judgment had been rendered against the bank, there could have been none rendered against the appellants. The appellants' counsel makes sundry objections to the appellee's evidence concerning the transcripts and the executions issued by the justice of the peace to the constable, Berry, and that no judgments were shown before the justice of the peace, etc., all bringing in question appellee's right and title to the goods under these various processes, and his right to recover damages to the extent of the executions held by Berry, provided the replevied property was of sufficient value. In answer to these objections, we think it is clear that appellants can not contest the right and title of appellee to the goods to the extent of their value to cover all the judgments and costs under constable Berry's executions. They lost that right by dismissing their replevin suit. They can only show their own

right and title to the goods by way of mitigation of damages. If the goods were worth anything more than constable Berry's lien upon them, the appellants, by proof of title, might mitigate the damages to that extent.    In Stevison v. Earnest, 80 Ill. 513, the court say, in speaking on this subject: "By permitting the suit to be dismissed he" (plaintiff in replevin suit) " lost all right to contest the plaintiff's claim to the property, except that saved to him by the statute, which was to plead and prove his title to the property in mitigation of damages. Beyond this he could not contest the plaintiff's title.    He held the affirmative on that issue," etc.    Gullett v. Otey, 19 Ill. App. 182.

The appellee had an undoubted right to recover the constable's executions and costs, amounting to $922, and the recovery being only $900, any objection to illegal proof as to other damages, if there was any, could not harm appellants. The objection to the evidence of Berry as to his opinion as to the value of the goods is not sustainable, as they had really no market value, being a second-hand stock, and therefore Berry's opinion as to their value might be taken.    The proof of value of articles of this kind may be made by the judgment and opinion of witnesses, the witness being subject to full cross-examination as to the basis of such opinion.    Sutherland on Damages, 375.    The amount of the finding of the court was fully supported by the evidence.    The judgment of the court below is therefore affirmed.

*Judgment affirmed.*

Note: Judge Cartwright, having tried the cause in the court below, took no part here.