## David L. Campbell v. Charles Eichorst.

1. CROSS-EXAMINATION—*what proper upon.* Questions should be permitted which pertain to the subject-matter of the direct and relate to evidence material to the issue.

2. CROSS-EXAMINATION—*impeaching questions competent upon.* Upon cross-examination a party should be allowed to lay the foundation for the impeachment of a witness.

3. OWNERSHIP—*what evidence competent upon question of.* It is competent to show in connection with the question of ownership the statements in disparagement of title made by the vendor prior to the time when it is claimed he parted with his title.

Action of replevin. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed October 9, 1905.

RAY, DOBBINS & RILEY, for appellant.

F. M. GREEN & SON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in replevin by appellant against appellee to recover possession of a mare. In the court below there was a verdict and judgment against appellant.

Michael Schum, a tenant of appellant, had possession of the mare in question and sold her to John Stalhut, from whom appellee claimed title by purchase. It is not denied by appellee that the mare originally belonged to appellant and that Schum then had possession of her and other horses belonging to appellant under an arrangement for their use in tending the crops on the farm, but it is claimed that appellant subsequently traded the mare to Schum for a colt, which the latter purchased at Rock's sale, and $50, and it is conceded by counsel that this is the only material controverted question involved in the case.

On his direct examination, Schum, a witness for appellee, testified with reference to the details of a trade with appellant by which it was claimed he had become the owner of the mare. On cross-examination counsel for appellant asked the witness whether he had not purchased the colt, which he claimed to have traded in part for the mare, for and at the instance of appellant and whether appellant had not in fact paid for said colt, and also further interrogated the witness relative to his alleged purchase of the colt at Rock's sale and what he had said with reference thereto to other parties. Appellant was not permitted by the court to pursue this line of cross-examination and

Campbell v. Eichorst.

error is assigned on such ruling. Appellant in attacking the alleged trade of the mare to the witness, was entitled to inquire fully into the consideration claimed by the witness to have moved from him to appellant to induce the alleged trade, and the ownership of the colt which the witness claims to have traded to appellant in part for the mare, was not so far collateral to the issue involved as to warrant the court in sustaining the objections interposed by appellee to the questions asked.

Appellant, further, in cross-examination of the witness Schum asked him whether he had not, after his alleged trade for the mare, said to one O'Neill, in substance, that he was going to work appellant's mare, referring to the mare in question, the next season as he had the season previous. The time and place when and where the alleged statement was made, was sufficiently indicated in the question, and the witness should have been permitted to answer the question as a foundation for his impeachment.

On rebuttal appellant was permitted to show by the witnesses Louis Trueblood and John Wilson, what Schum had said with regard to the ownership of the mare, in contradiction of his statement on cross-examination, but the court refused to allow the witnesses Henry Hatchell, Jacob Holdreith and Joseph Craig, to testify to like statements by Schum which he had denied on his cross-examination. This was error. The evidence sought to be adduced by appellant of alleged statements by Schum in disparagement of his title to the mare, made before the sale to Stalhut, was competent. Waggoner v. Colley, 17 Ill. 239; Vennum v. Thompson, 38 Ill. 143; First Nat'l Bank v. Strang, 138 Ill. 347; Gage v. Eddy, 179 Ill. 492. Appellant, when called as a witness in rebuttal, should have been permitted to state the entire conversation with the witness Stover. In so far as we have not adverted to the rulings of the trial court in the admission and exclusion of evidence, such rulings were proper.

The court did not err in giving and modifying the instructions complained of. Possession of personal property

is *indicia* of ownership although not conclusive. Bergen v. Riggs, 34 Ill. 170.

The abstract in this case is not indexed in conformity with the rule of this court. The index required by rule 21 is an index of the abstract and not of the record.

For the errors indicated in excluding competent evidence, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*