WILLIAM CARPENTER

*v.*

JONATHAN C. JONES *et al.*

1. CROPS—*whether realty or personalty.* Crops planted by a tenant, who holds under the owner of the soil, which are fit for harvesting, and annual crops planted by one whose tenancy is for an uncertain period of time, are regarded in many respects as personal property, liable, however, to become part of the realty if the tenant voluntarily abandons or forfeits possession of the premises.

2. SAME. In this case, the plaintiff having verbally leased a piece of land for an uncertain period, sowed a crop of wheat thereon. The owner afterwards conveyed this and other land to the plaintiff and four others, each taking an undivided fifth, and plaintiff next conveyed his undivided fifth to a third party, no reservation of the crops being made in any of the deeds. The several grantees went into possession, and when the wheat was ready, harvested it. There was other evidence, aside from the deeds and the possession of the grantees, tending to show that the plaintiff had voluntarily abandoned possession of the field in which the wheat grew, long before it was fit to harvest. In a suit by the plaintiff to recover for the wrongful taking of the wheat, the jury found for the defendants, and this court affirmed the judgment of the court below on the finding.

APPEAL from the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

Messrs. GREEN, CASEY & DWIGHT, for the appellant.

Mr. T. B. TANNER, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The appellant brought trespass in the Jefferson circuit court, against appellees, for the wrongful taking, etc., of a crop of wheat, alleged to be the goods, etc., of appellant. The case was tried by a jury upon the plea of not guilty, and a

verdict returned for appellees on that plea, upon which, after overruling a motion for a new trial, the court gave judgment. The plaintiff below brings the case to this court by appeal, and insists that the court erred in refusing to set aside the verdict and grant a new trial, on the ground that the verdict is against the weight of the evidence. This is the only question.

It appears that the plaintiff had rented the ground upon which the wheat grew, of one Samuel Carpenter, who was the owner of a tract of one hundred and forty acres, of which this wheat field was a part. The wheat was put into the ground in the fall of 1870, by plaintiff, under some sort of a verbal lease for an uncertain time, from Samuel, who was his father, and afterwards, and in the month of February, 1871, the parties to this suit united in purchasing the whole tract of Samuel Carpenter, for the alleged purpose of sub-dividing it into town lots and selling them. Accordingly, on the 21st of February, 1871, Samuel Carpenter and wife conveyed the tract by warranty deed to said parties, each taking an undivided one-fifth part. There is no allusion in the deed to the wheat crop in question. About the 1st of March, 1871, the plaintiff sold, and by deed conveyed his undivided fifth to one D. T. Phillips, who, with all the other grantees in the deed of Samuel Carpenter, excepting the appellant, went into possession; and when the wheat was ready for harvesting, the appellees and Phillips cut and harvested it. There was no reservation in appellant's deed, or otherwise, of the wheat in the sale to Phillips. Crops planted by a tenant who holds under the owner of the soil, and the same are fit for harvesting, or by one whose tenancy is for an uncertain period of time, annual crops are regarded, in many respects, as personal property, liable, indeed, to become part of the realty, if the tenant voluntarily abandons or forfeits possession of the premises. 1 Washb. on Real Property, 4 and 5, and cases cited in note, (1).

Aside from the strong inference to be drawn from the circumstances of these several conveyances, without allusion to the wheat crop and the possession of the grantees, as well as the purpose for which the land was purchased, there was other evidence tending to show that . appellant had voluntarily abandoned his possession of the field in which the wheat was raised, long anterior to its fitness for harvesting. There was a conflict of evidence, upon which it was the province of the jury to pass.

The verdict is not against the weight of the evidence, and the judgment must be affirmed.

*Judgment affirmed.*