## KIPLINGER *vs.* GREEN.

*(Supreme Court of Michigan, May 6, 1886.)*

LANDLORD AND TENANT. CROPPING LEASE. ABANDONMENT. Where a tenant under a Cropping Lease refuses to continue under the contract, and abandons the farm, he will take no interest in the crops he has planted.

REPLEVIN. The parties entered into a cropping agreement, on September 15, 1883, by which the landlord was to keep possession of the farm, have full control of it, and direct the planting of the crops; each party was to furnish half the seed, and the plaintiff was to cultivate the farm; the stock of each party was to be cared for by the plaintiff, and to be fed from that proportion of the crops which belonged to the owners; and the plaintiff and defendant were to each have one half of the crops. Under this agreement the plaintiff moved on the farm on October 23, 1883, and the following summer put in a crop of wheat, but in the following September he served the following notice on defendant: "Charlotte, Mich., September 30, 1884. Alonzo Green, Esq. Dear Sir: You are hereby notified, and duly informed, that I shall vacate the premises and farm on which I now reside, the same belonging to you, on the first day of April, A. D. 1885, for the following reasons: 1. Owing to the unreasonableness of the contract framed by you, which I now find, and am aware, is contrary to all farming customs of the county and vicinity. 2. On account of the deception and fraud practiced by you in framing said contract, material parts of which you failed to read to me, and which I was not aware it contained. Yours, Jonas Kiplinger." And moved from the premises. After the notice plaintiff spoke to defendant but once, and then said to him that if he would give him a better chance than the agreement gave him he would stay on, but not otherwise. When the wheat became ripe plaintiff undertook to gather it, but was prevented, and he brought this suit for his half of the crop. The circuit court found for defendant, and plaintiff appealed.

Van Gile & Fox, for appellant. Huggett & Smith, contra.

Morse, J.—In the law applicable to the facts in this case, what was the particular name or nature of the plaintiff's holding under this agreement. His rights must be gathered from the contract, and considered in relation to its terms. Whether it may be called a lease or a mere cropping agreement, its construction and its effect, as far as the plaintiff's claim to this crop of wheat is concerned, must be the same. He went upon the farm and put in the wheat under and by virtue of this instrument, and whatever rights he can legally claim must accrue from and rest upon its provisions; and his counsel upon the trial in the

court below expressly stated that he based his right to recover upon the contract, and his acts under it. When he voluntarily abandoned the farm, and forfeited the contract under his notice, he could no longer claim any rights under it. He admits that, after serving the notice, he did nothing upon the farm except to care for the stock upon it. There is no theory of the law under which the plaintiff could recover one half of this crop under a contract which he had, upon his own motion, repudiated. If so, he might have abandoned the farm, and thrown up the contract the next day after the wheat was sown, and held his share. If, before his surrender of the agreement and possession of the farm under it, he had sold his share of the crop to another, purchasing in good faith, such assignee of his interest would have been entitled to reap and harvest the wheat under this agreement, because of equities which the plaintiff cannot assert after his rescission of the contract, the crop being considered while the agreement is in force as personal property, subject to sale or levy as such. But when the plaintiff abandoned the premises, and surrendered the contract, the wheat became a part of the land, and went with it. Chandler *vs.* Thurston, 10 Pick. 205; Carpenter *vs.* Jones, 63 Ill. 517. The doctrine of the emblements does not apply. The term of the plaintiff's occupancy of the premises was certain and definite under the contract. It was not determined by the act of the defendant, nor by any other cause than the violation of the plaintiff of the agreement under which he held. He cannot profit by his own wrong.

Judgment affirmed.

### DIES NON JURIDICUS—LEGAL HOLIDAYS.

The question of the validity of the entry of a judgment made on a legal holiday, and of proceedings under the judgment, had careful consideration in Payne *vs.* Fesco, 1 Ct. Ct. R. 562, decided by the court of common pleas of Luzerne, Pa. The judgment was entered on the 22d of February upon a note, and an execution was issued the same day. A rule was granted to set aside the execution and strike off the judgment. The sole ground of the application was that the 22d of February is a legal holiday by virtue of the act of the legislature in 1873, the first section of which reads as follows: "Be it enacted, etc., that the following days, namely: First day of January, the twenty-second day of February, the fourth day of July, the twenty-fifth day of December, and any day appointed or recommended by the governor of this State, or the president of the United States, as a day of fasting or thanksgiving, or for the general cessation of business, shall be regarded as legal holidays, and shall for all purposes whatsoever, as regards the presenting for payment

44