Morse, J.
In the law applicable to the facts in this casé, what was -the particular name or nature of the plaintiffs holding under this agreement. His rights must be gathered from the contract, and considered in relation to its terms. Whether it may be called a lease or a mere cropping agreement, its construction and its effect, as far as the plaintiff’s claim to this crop of wheat is concerned, must be the same. He went upon the farm and put in the wheat under and by virtue of this instrument, and whatever rights he can legally claim must accrue, from and rest upon its provisions; and his counsel upon the trial in the *631 court below expressly stated that he based his right to recover upon the contract, and his acts under it. When he voluntarily abandoned the farm, and forfeited the contract under his notice, he could no longer claim any rights under it. He admits that, after serving the notice, he did nothing upon the farm except to care for the stock upon it. There is no theory of the law under which the plaintiff could recover one half of this crop under a contract which he had, upon his own motion, repudiated. If so, he might have abandoned the farm, and thrown up the contract the next day after the wheat was sown, and held his share. If, before his surrender of the agreement and possession of the farm under it, he had sold his share of the crop to another, purchasing in good faith, such assignee of his interest would have been entitled to reap and harvest the wheat under this agreement, because of equities which the plaintiff cannot assert after his rescission of the contract, the crop being considered while the agreement is in force as personal property, subject to sale or levy as such. But when the plaintiff abandoned the premises, and surrendered the contract, the wheat became a part of the land, and went with it. Chandler vs. Thurston, 10 Pick. 205; Carpenter vs. Jones, 63 Ill. 517. The doctrine of the emblements does not apply. The term of the plaintiff’s occupancy of the premises was certain and definite under the contract. It was not determined by the act of the defendant, nor by any other cause than the violation of the plaintiff of the agreement under which he held. He cannot profit by his own wrong.
Judgment affirmed.