Bumgardner v. Scaggs et al., 180 Ill. App. 668.

## Nelson Bumgardner for use of J. M. Bumgardner, Appellee, v. John Scaggs and T. M. Smart, Appellants.

1. LANDLORD AND TENANT—*right of tenant to crops.* A tenant who leases premises for a year is entitled to grow and obtain such crops as may be grown during the year and harvested prior to the expiration of the lease.

2. STATUTE OF FRAUDS—*what verbal promise to execute lease within.* A verbal promise to execute a lease to premises for a year beginning on a certain date, if made prior to such date is within the statute of frauds.

3. LANDLORD AND TENANT—*when landlord may re-enter.* Where a tenant abandons the premises before the expiration of his lease without notice to the landlord and without his consent and removes to another state where he thereafter resides, the landlord has a right to re-enter and take possession.

4. LANDLORD AND TENANT—*abandonment.* The statute relating to gathering of crops on abandonment of premises has no application to crops planted by the tenant which cannot mature before the expiration of the lease but applies only to the growing and maturing of crops during the term for which the lease is executed.

5. LANDLORD AND TENANT—*crops.* A tenant by planting a crop which cannot mature until after the expiration of the lease, obtains no right to re-enter to gather the grown crop.

6. LANDLORD AND TENANT—*landlord cannot be required to harvest crop.* A tenant who plants a crop which cannot mature before the expiration of his term and abandons the premises before such expiration, cannot require the landlord after the expiration of the term to use the premises to mature or harvest the crop for his use.

7. LANDLORD AND TENANT—*when landlord may enter.* Where the term of a tenant, who abandoned the premises before the expiration of his term has expired, his rights and interests in the premises have ceased though a crop planted by him has not matured and the landlord has a right to enter and execute a lease from the time of the expiration of such tenant's term.

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1912. Reversed with finding of fact. Opinion filed March 18, 1913. Rehearing denied April 16, 1913.

Bumgardner v. Scaggs et al., 180 Ill. App. 668.

PROVINE & PROVINE, R. C. NEFF and E. E. ADAMS, for appellants.

HOWARD MAXON and L. G. GRUNDY, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

John Scaggs and John Crawford owned 160 acres of land in Christian county. Scaggs was an elderly man and unable to actively engage in business; for his interest in these premises he executed a lease to Crawford, who was his son-in-law and who looked after the land for him. For the year commencing March 1, 1910, and ending March 1, 1911, a lease for this land was made to Nelson Bumgardner. In December, Bumgardner abandoned the premises without notice to Scaggs and Crawford and moved to the state of Kansas. In September, 1910, Bumgardner sowed upon these premises forty acres of wheat. After Bumgardner vacated the premises Crawford leased the premises from March 1, 1911, to March 1, 1912, to appellant Smart, who entered into possession of the place. During the month of July, 1911, when the wheat sown by Bumgardner was ready to harvest, it was harvested by Smart as tenant. When he was cutting the wheat J. M. Bumgardner, a brother of Nelson Bumgardner, appeared upon the scene and demanded that he be permitted to harvest this crop, claiming that it belonged to his brother, Nelson Bumgardner, and that he had received directions from his brother to harvest the crop; his request was refused.

After J. M. Bumgardner failed to obtain possession of the wheat crop in this manner, he then began an attachment proceeding against his brother, Nelson Bumgardner, upon a claim alleged to be owing from Nelson to J. M. Bumgardner, and Smart, the tenant, and Scaggs were served as garnishees. The garnishment portion of the attachment was continued until

after the final determination of the writ against the attachment debtor. Nelson Bumgardner made no defense, and J. M. Bumgardner obtained a judgment against him. The garnishees answered the garnishment denying that they had in their possession any property or effects belonging to Nelson Bumgardner; the answer was traversed, and upon a hearing judgment rendered against the garnishee for the amount of the judgment recovered against Nelson Bumgardner; and it is from that judgment that this appeal is prosecuted.

Upon the hearing upon the garnishment proceeding it was not contended that appellants had any property in their possession belonging to Nelson Bumgardner other than the proceeds of the sale of this crop of wheat. There is no contention that Nelson Bumgardner ever received any written lease for these premises or any portion thereof for the year commencing March 1, 1911, but his right to the wheat is based upon a claim that Scaggs promised to lease to him these premises for the year commencing March 1, 1911, and ending March 1, 1912, and relying upon this alleged promise he sowed the wheat during the fall of 1910.

Appellants urge a reversal of this cause and insist, first, that Nelson Bumgardner had no interest whatver in this crop of wheat nor in these premises; second, that when he left the farm without notice to or consent of the landlord he abandoned all rights that he then had in the said premises; third, that the lease by which he held possession expired March 1, 1911, and under that lease he retained no rights in the premises after March 1, 1911, and especially, after having abandoned them in December, 1910; fourth, that no promise was made by Scaggs to execute a new lease to Nelson Bumgardner, and that the wheat was sown during the fall of 1910 without the knowledge or consent of either Crawford or Scaggs; fifth, that even if a promise was made to execute a lease during the fall of 1910 to commence on the first of March, 1911, and continuing until

the first of March, 1912, there being no written agreement to this effect, a parol agreement was within the statute of frauds.

Nelson Bumgardner having obtained a lease for these premises commencing March 1, 1910, and ending March 1, 1911, was, under this lease, only entitled to grow and obtain upon the premises such crops as might be grown during the year 1910 and harvested prior to March 1, 1911, he could have no right under and by virtue of this lease to plant any crops which it would require any portion of the following year to mature and thereby retain the use of the landlord's premises for a time beyond the expiration of the lease by its own terms, and all rights acquired by Nelson Bumgardner expired by this lease March 1, 1911.

Upon the contention that a verbal promise was made by appellant Scaggs to execute a new lease commencing March 1, 1911, the contention of appellee being that this promise was made prior to the sowing of the wheat in September, 1910, if it was made at any time prior to March 1, 1911, it was within the statute of frauds, and is consequently void.

Appellee insists that by virtue of section 33, chapter 80, Hurd's Revised Statutes 1911, although the lease held by Nelson Bumgardner expired by its terms on March 1, 1911, it was Scaggs' duty when he took possession to mature and harvest this crop for the benefit of Nelson Bumgardner.

The evidence shows conclusively that during the month of December Nelson Bumgardner abandoned these premises without notice to the landlord or without his consent, and removed to the State of Kansas where he has since resided, he then abandoned the premises for the balance of his term and having so abandoned them, the landlord had the right to re-enter and take possession.

It is insisted by appellee, however, that section 33, *supra,* required the landlord, after he had taken possession of the premises to properly cultivate, mature

and harvest this crop for the benefit of the tenant who had abandoned the premises. Upon this contention, we are of the opinion that section 33 has no application to the maturing or harvesting of any crops which required the use or occupation of the premises for a time extending beyond the leasehold interest, and that this statute applies only to the growing and maturing of crops for the year during which the lease was executed. By planting the wheat in September, 1910, Nelson Bumgardner obtained no right to retain possession of the premises after March 1, 1911, and had no right, under section 33 of the statute, to require or demand that the landlord should after that time use his premises to mature or harvest this crop for the use of the tenant. By reason of the abandonment of the premises by Nelson Bumgardner and also by reason of the expiration of the term of his lease on March 1, 1911, all his rights and interest in these premises ceased and the landlord had the right to re-enter and execute a new lease upon the premises for the year commencing March 1, 1911, and ending March 1, 1912, without any claim thereto by a former tenant. *Carpenter v. Jones,* 63 Ill. 517; *Crotty v. Collins,* 13 Ill. 567.

The judgment is so clearly and manifestly against the weight of the evidence and against the law that the judgment must be reversed. The clerk will enter in the judgment in this court the finding of fact that the premises in question were abandoned by Nelson Bumgardner in December, 1910, that Nelson Bumgardner sowed the wheat in September, 1910, without any right or authority so to do.

*Judgment reversed with finding of fact.*