RICHARD B. SIMPKINS, Plaintiff in Error, *v.* ORSON P. ROGERS, Defendant in Error.

ERROR TO McHENRY.

The declarations of a grantor, made after the grant, are not receivable in evidence to prejudice the rights of the grantee.

Where a tenancy at will is determined by the lessor, (which he may do at pleasure,) the tenant is entitled to the emblements, and to a reasonable time for the removal of his family and property, with free ingress and egress for the exercise of these rights; beyond this he can assert no rights under such lease.

Where crops are put upon land without license or authority, trover may be maintained by the owner of the land for their recovery.

THIS cause was heard before J. G. WILSON, Judge, at March term, 1854, of the McHenry Circuit Court.

V. H. HIGGINS and A. B. COORE, for plaintiff in error.

C. McCLURE, for defendant in error.

TREAT, C. J.   This was an action of trover, brought by Simpkins against Rogers, to recover the value of the crops raised on a certain tract of land in the year 1853.   The plaintiff proved this state of facts.   Bache being the owner of the land in question, conveyed the same to the plaintiff on the 30th of November, 1852.   The deed was acknowledged on the 3d, and recorded on the 24th of December, 1852.   The defendant raised wheat, saffron, and osage orange plants on the land in 1853, to the value of $500, and appropriated the same to his own use before the commencement of this suit.   In the spring of 1853, the plaintiff notified the defendant not to sow or plant the land; and in the fall of that year, he gave him notice not to harvest or remove the crops.   The defendant read in evidence a letter from Bache to himself, dated the 12th of June, 1852, as follows: "I have no objections to your using the piece of land you speak of, but hope you will leave it in good order, and seed it down with timothy or redtop when you are done with it.   I do not know that I would like to sell it at present, as I might, by so doing, injure the sale of the remaining part, as it would probably be an object to the purchaser to have the privilege of both sides of the railroad.   I am willing to sell the whole that I have there,

provided I can get a fair price." He also read another letter from Bache, dated the 14th of December, 1852, in these words: "It is true I have sold Simpkins the piece of land. I had entirely forgotten that I had given you the privilege of using it. I regret very much that this should have happened. I assure you I never would have sold it, without reserving the privilege I had granted to you. If he should refuse to let you have the use of the land, I should consider him guilty of deception towards me, as he must have known that you had the promise of the use of the ground by your breaking it." The plaintiff objected to the introduction of this letter. The defendant likewise proved that he broke the land in June, 1852, for the purpose of planting it in osage orange the spring following; and that this was known to the plaintiff at the time. On this evidence, the court found the issue for the defendant, and rendered judgment in his favor.

The second letter of Bache was clearly inadmissible. He had previously parted with all interest in the land; and he could not by any subsequent statements disparage the title of the plaintiff. The declarations of a grantor, made after the grant, are not receivable in evidence to prejudice the rights of the grantee.

If the first letter from Bache and the breaking of the land by Rogers could together be construed as creating a tenancy, it manifestly was but a tenancy at will, determinable at the pleasure of the lessor. It merely authorized Rogers to use and occupy the land for the time being. It gave him no right to retain the possession for any certain time. Bache held the land for sale, and he was not disposed to make a lease that might interfere with that purpose. While he continued to be the owner, he was willing that Rogers should enjoy the land without charge. But he reserved the right to determine the tenancy at pleasure; and Rogers entered upon the land, subject to this right of the owner. It was competent for Bache, or his grantee, to put an end to the tenancy and regain the possession, upon giving reasonable notice to Rogers. Where a tenancy at will is determined by the lessor, the tenant is entitled to the emblements, and to a reasonable time for the removal of his family and property, with free ingress and egress for the exercise of these rights. Beyond this, he can assert no rights under the lease. 4 Kent's Com. 110; Ellis *v.* Paige, 1 Pick. 43; Davis *v.* Thompson, 13 Maine, 209; Love *v.* Edmonston, 1 Ired. 152. In this case, the plaintiff became the owner of the land, and notified Rogers not to occupy or cultivate the same, before any thing was done under the lease except the breaking. He thus

determined the tenancy, and entitled himself to immediate possession of the land. As Rogers neither resided on the land, nor had any crops growing thereon, it was his duty to surrender the possession at once, and leave the plaintiff in the exclusive enjoyment of his property. The crops were raised by Rogers in his own wrong, and he had no right to remove them from the land.

We are, however, not inclined to hold that there was any tenancy in the case. One of the essential qualities of a lease was wanting, the reservation of rent to the owner. We regard the transaction as a mere permission by Bache to Rogers to enter upon and occupy the land. While this license remained in force, it was a sufficient authority to Rogers to use and enjoy the land. But it was revocable at the will of Bache or his grantee. It was revoked by the plaintiff, and from that time Rogers ceased to have any right or interest in the land. It might well be, if Rogers had crops growing on the land, that the license could not be revoked until the same were matured and harvested. But the permission was withdrawn before the sowing of the land. The law upon this branch of the case was fully discussed in Woodward *v.* Seeley, 11 Ill. 157.

On the evidence, the plaintiff was clearly entitled to recover. The crops in question were his property, and trover was maintainable for them. Mooers *v.* Wait, 3 Wend. 104; Sallade *v.* James, 6 Barr, 144; Crotty *v.* Collins, 13 Ill. 567; Farrant *v.* Thompson, 5 Barn. & Ald. 826.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*