PHILIP ALTES

*v.*

CHARLES HINCKLER, AND GEORGE ABBOTT.

1. EJECTMENT — *growing crops.* As between the successful plaintiff in an action of ejectment, and the evicted defendant, the growing crops are a part of the realty; and if the plaintiff is put in possession under his writ, and the defendant nevertheless enters and carries away the crops, the plaintiff can maintain trover for their value.

2. AD DAMNUM. The judgment cannot be for more than the *ad damnum.*

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of trover, brought by the defendants in error against the plaintiff in error, at the September term, 1863, to recover the value of a growing crop that the defendant below had harvested and carried away from premises which the plaintiffs below had previously recovered from the defendant in an action of ejectment, and of which they had been put in possession by a writ. The plaintiffs below recovered a verdict and judgment for $375. The defendant sued out a writ of error, and the record was brought to the Second Division by agreement. The facts are stated in the opinion.

Mr. H. K. S. O'MELVENY, for the Plaintiff in Error.

1. On recovery of the title and possession of land in suit of ejectment, it is insisted that in this State the growing and unmatured crop of wheat and barley upon the land does not pass — that it is personal property, and not land, by our laws. 1 Chitty Pl., marg. pp. 187, 189, 193, 194.

2. Although the rule may be different in England, it grows out of the rule that regards the crop attached to and growing upon the land as a part of the land itself.

3. In this case the amount of damages claimed in the declaration is "five dollars" only, and the judgment is for $375, and costs.

Mr. W. H. UNDERWOOD, for the Defendants in Error.

1. Our statute requires the sheriff to deliver possession in ejectment, of the land and "appurtenances." Section 28. Plaintiff in ejectment is entitled to the crops growing on the land when the sheriff delivers possession to him. Adams on Ejectment, 347 ; *Upton* v. *Witherwick*, 11 Eng. C. L. R. 8 ; *Strode* v. *Swim*, 1 A. K. Marshall, 366 ; *Brother* v. *Hurdle*, 10 Iredell, 490 ; *Crotty* v. *Collins*, 13 Ill. 567.

So is a purchaser under a deed of conveyance without reservation. 4 Kent's Com. 468.

2. Trover will lie in this case. *Simpkins* v. *Rogers*, 15 Ill. 397.

3. As to damages. The writ claims $500. The case was tried on an agreed state of facts. There was no plea in abatement, or objection taken in the court below to an alleged variance between the writ and declaration in the damages claimed. *Burst* v. *Wayne*, 13 Ill. 599 ; *Mattingly* v. *Darwin*, 23 Ill. 622, 623 ; *Prince* v. *Lamb*, Beecher's Breese R. 378 ; *Carpenter* v. *Hoyt*, 17 Ill. 530. It is probably only a mistake of the clerk in copying.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

At the May term, 1863, of the Monroe Circuit Court, Hinckler and Abbott recovered a judgment in an action of ejectment against Altes, on which a writ of possession was at once sued out, and Hinckler and Abbott were put in possession of the premises. At the time, a crop of wheat and barley was growing upon the land, having been sown during the pendency of the ejectment. Notwithstanding the execution of the writ of possession, Altes afterwards entered and cut the crop, and carried it away. Thereupon Hinckler and Abbott brought an action of trover against him, and recovered a verdict and judgment for the value of the crop. To reverse this judgment Altes has brought up the record.

It is urged upon the part of the plaintiff in error, that grow-

ing crops are personal property. For some purposes, and as between some parties, they are so, but as between the successful plaintiff in an action of ejectment and the evicted defendant, they are unquestionably a part of the realty. Adams on Ejectment, 347 ; *Upton* v. *Witherwick,* 11 E. C. L. 8 ; *Strode* v. *Swim,* 1 A. K. Marshall, 366 ; *Brother* v. *Hurdle,* 10 Iredell, 490.

The same principle is also settled in *Crotty* v. *Collins,* 13 Ill. 567.

Apart from authority, it is quite clear as a matter of principle. If the defendant in the ejectment was entitled to the crops of the year 1863, when the recovery was had, on what ground could he be held liable for the mesne profits of 1862, and of the preceding years. To hold him liable for the profits of the land one year, and permit him to enter in order to secure them the next, would be absurd. Besides, the writ of possession, as given by the statute, commands the sheriff to give the plaintiff possession of the land and its appurtenances. When this writ is executed, he is in under his paramount title, with rights as complete as if he had never been ousted. He can, if he desire, plow up whatever growing crops he may find upon his fields and a re-entry by the former occupant, is as much a trespass as would be a similar entry by a stranger. The court below decided correctly in holding the plaintiff in error responsible for the value of the crops carried away by him.

The *ad damnum* in the declaration was for only five dollars. The judgment was for three hundred and seventy-five dollars. For this we are obliged to reverse the judgment, and remand the cause, with leave to amend declaration.

*Judgment reversed.*