51   153
120   412
24a   374
51   153
53a   680

51   153
92a  $559

51   153
105a  4637

SELAH GRIDLEY

*v.*

SAMUEL BINGHAM.

1. EVIDENCE—*of the admissions of a vendor after the sale.* The statements of a vendor of land made after the sale, are not admissible for the purpose of showing the transaction was fraudulent, or to prove any other fact affecting the title of the vendee.

2. IMPROPER EVIDENCE—*should not be admitted even with an explanation.* Where a party offers matter in evidence which is not properly admissible, the opposite party has the right to have it entirely excluded from the jury; and its admission, even with an explanation from the court to the jury as to its legal bearing, is erroneous.

3. So, in an action of ejectment, where the plaintiff sought to prove statements made by the vendor of the defendant, after the sale to him, relative to facts affecting the title of the defendant, the statements were admitted against the objection of the defendant, with an explanation by the court, that such statements were not evidence against the defendant, but were evidence against his vendor: *it was held,* their admission was erroneous, notwithstanding the explanation of the court, as they would be likely to mislead the jury.

4. FRAUD—*both parties must participate.* To avoid a sale upon the ground that it was fraudulent, as to creditors, it must appear that both the vendor and vendee were parties to the fraud.

APPEAL from the Circuit Court of Kendall county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Mr. JOHN C. CHAMPLIN, for the appellant.

Mr. CHARLES WHEATON and Mr. GEO. C. CAMPBELL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court: ·

This was an action of ejectment, brought by appellee to recover two lots in the village of Newark, in Kendall county, from appellant. It appears that both parties claim title derived from Aaron Petty, as the common source. Appellee derives title by a sheriff's deed, founded upon several judgments before justices of the peace against Petty, upon transcripts taken and filed in the circuit court, upon which executions were issued, and under which a levy and sale were made. The judgments amounted, in the aggregate, to forty-two dollars, and the transcripts were filed in the clerk's office on the 12th day of June, 1860, and at the sale appellee became the purchaser, and the lots not having been redeemed, he received a sheriff's deed.

It also appears that appellant purchased the property in controversy of Petty, on the fifth day of May, 1860, and received a deed of conveyance therefor, which was recorded in the proper office on the 15th of the following June.

The defense relied upon was, that appellant's deed was prior in date to the filing of the transcripts, and that appellee had notice of its execution before the transcripts were filed in the clerk's office, and that appellee therefore acquired no valid or binding title by his purchase under the executions; and to prove notice, appellant called the deputy sheriff and asked him what was said by Petty in reference to paying the executions, and as to the situation of his property. Appellee objected to the witness answering the question, but his objection was overruled and the evidence admitted and exception was

taken to the decision of the court. The court, in overruling the objection, stated, that while the admissions of Petty were not evidence against his grantee, they were against him. The witness stated that Petty declared he had no property, or he had put it where it could not be reached by the sheriff, or words to that effect.

In the case of *Miner* v. *Phillips*, 42 Ill. 123, this court held, that the declarations of a vendor in reference to the title to the property sold, made after the sale, are not evidence against his vendee; that there is in such a case no privity, either between the parties, or as to the title; that such declarations are no more binding on the vendee, than those made by any stranger to the transaction. And this has been repeatedly held by this court in reference both to real and personal property. *Williams* v. *Judy*, 3 Gilm. 282; *Dazy* v. *Mills*, 5 Gilm. 67; *Wheeler* v. *McCorristen*, 24 Ill, 40; *Myers* v. *Kinzie*, 26 Ill. 36; *Simpkins* v. *Rogers*, 15 Ill. 397; *Rust* v. *Mansfield*, 25 Ill. 338. Other cases announcing the same rule might be referred to, but it is deemed unnecessary.

This, then, being the rule, it was error to admit the declarations of Petty, made after he had conveyed the property, for the purpose of impeaching the title, unless appellant was properly connected with them. He was not present, and did not assent to their truth. If appellee had notice of the sale to appellant before he filed his transcripts, then he could only avoid the effect of that conveyance by showing that it was fraudulent as to creditors. If he had paid a sufficient consideration to support the deed and acted in good faith in the purchase, and did not design to aid Petty in defrauding his creditors, then the deed was binding, however fraudulent Petty's intentions may have been. In such cases, both vendor and vendee must be shown to have intended to commit the fraud, before the deed can be avoided. The declarations of the vendor after the sale has been made, are not admissible to prove that the vendee participated in the fraud.

It was improper to admit the declarations of Petty in the case for any purpose. He was not a party to the suit, and we have seen that they were not admissible against appellant. Why then admit them? They did not tend to prove any issue in the case. They not only encumbered the record, but they must have had a strong tendency to mislead the jury. They were calculated to create a prejudice against appellant's claim. And it is not an answer to say that the court informed the jury that they were not evidence against appellant, but were against Petty. The jury would naturally reason, that although Petty was not a party to the record, still the court has admitted it as evidence for our consideration; and we know from observation, that it is exceedingly difficult for all men to prevent such declarations from having some effect; with some a greater and with others a less effect. A party has the right to insist that declarations or matter calculated to prejudice his case, when they are not evidence, be excluded entirely from the jury. Each party has the right to a fair trial, but we can not say that such is the case when such declarations are admitted deliberately against the objection of the party. We cannot know the extent of influence the admission may have had upon the jury, and we must hold that it was error to admit them even with explanation of the court.

The sixth of appellee's instructions seems to authorize the jury to consider this evidence. It informs them that they may consider all the circumstances under which the deed was executed, and also the acts of the parties thereto, prior and subsequent to the execution of the deed, so far as the proof shows the same. The jury very probably understood subsequent acts of the parties as referring to the admissions of Petty, while his subsequent acts were not proper to impeach the deed.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*