PATRICK TIERNAY and JOHN TIERNAY, Copartners, *vs.* HENRY A. CLAFLIN *et als.*

Under Pub. Stat. R. I. cap. 192, § 9, which gives to either party in equity proceedings the right to a jury trial of questions of fact raised by the pleadings, and provides that the verdict shall be conclusive unless set aside for cause, the verdict given must stand unless palpably wrong. That the court might have drawn a different conclusion from the evidence, is immaterial.

Pub. Stat. R. I. cap. 173, § 1, of fraudulent conveyances, is a substantial reënactment of the English statutes on the same subject, 13 and 27 Elizabeth, and although it omits the proviso in favor of *bonâ fide* purchasers for value in the English statutes, must be construed like the English statutes, and as if the proviso had been omitted.

The evidence at a jury trial of issues in equity under Pub. Stat. R. I. cap. 192, § 9, was reported to the court on a petition for a new trial:

*Held,* that this evidence was before the court only in support of the petition for a new trial.

*Held,* further, that for the purposes of the equity suit the court could only consider the pleadings and the verdict of the jury.

BILL IN EQUITY to set aside a conveyance of realty. On complainants' petition for a new trial of issues of fact.

*January* 23, 1886. DURFEE, C. J. This is a suit in equity to set aside a conveyance of real estate on the ground that it was made with intent to hinder, delay, or defraud creditors. The defendant, Henry A. Claflin, is grantee of the estate, and the defendant, George A. Young, the grantor. A jury, to which the questions of fact in the case were submitted, found that Young did convey the estate with the fraudulent intent, but that Claflin was a *bonâ fide* purchaser for value without notice, actual or constructive, of the fraud. The complainant complains of the latter finding as against the evidence, and asks for a new trial on that account. Our

statute, Pub. Stat. R. I. cap. 192, § 9, gives either party to a suit in equity by bill the right to have questions of facts raised by the pleadings tried by a jury, timely demand being made. It provides that the verdict thereon shall be conclusive unless set aside for cause and a new trial granted. The questions were tried under this provision, and under it we think the verdict must stand unless it is palpably wrong. It is not enough that we do not agree with the jury, for we have no right to make our opinion the test. Nothing shows that the jury, who it is admitted were fully and correctly instructed by the court, were improperly influenced by either sympathy or prejudice. There was no direct testimony that Claflin had any actual knowledge of the fraud. He denies that he had any, or that he knew that Young, with whom he was not intimate, was involved in debt. The question, therefore, was whether the circumstances were such as to put him on inquiry, and to affect him with imputed or constructive knowledge. The circumstances were suspicious, but Claflin testifies that Young came to him in affliction from the death of his son, and stated that he was anxious to sell the estate, even at some sacrifice, because he was in immediate want of money to meet needs consequent upon the death. The alleged reason for wishing to sell was one which, if believed, was calculated to divert suspicion and quiet inquiry. We cannot say that there was not a fair arguable question for the jury. If the jury had given a verdict against Claflin, we should doubtless have accepted it; but still we are not convinced that a verdict for him is so clearly erroneous that we ought to set it aside.

The complainants contend that the verdict ought to be set aside because, after the conveyance but before the purchase-money was paid, Claflin had notice of a fact that ought to have put him on inquiry, namely, the levy of the execution under which the complainants claim title. The levy, though made before the purchase-money was actually paid, was made after Claflin had given his check for half of it, and his negotiable promissory note for the other half. Moreover, the question for the jury was whether Claflin, "in taking the deed,"was a *bonâ fide* purchaser for value without notice. We do not see how a fact which occurred after the deed was taken could much avail to show notice before it was taken. At best it could only throw back an equivocal light. If

the question for the jury had been whether or not the purchase-money was paid over in bad faith, the fact might have been more important.

The complainants contend that they are entitled to a decree setting the conveyance aside under the verdict, under our statute of fraudulent conveyances, even if Claflin was a *bonâ fide* purchaser for value without notice. Our statute, Pub. Stat. R. I. cap. 173, § 1, is in substance a reënactment of the English statutes of fraudulent conveyances, 13 and 27 Elizabeth, with the omission of the penal clauses, and of the proviso or saving in favor of *bonâ fide* purchasers for value without notice. The complainants ground their contention on the omission of the proviso. We have no reported decision on this point, and we are unable to name any unreported case in which the point has been adjudicated; but nevertheless we are very confident that both bench and bar have always understood that our statute was to be construed like the statutes of Elizabeth in this respect, notwithstanding the omissions, and that the court has repeatedly ruled so at *nisi prius*. One of the purposes of the statute is to protect *bonâ fide* purchasers, and it would certainly be very singular for the statute to require the sacrifice of such a purchaser merely because he happens to be the grantee under the fraudulent deed. The statutes of several other states omit the proviso, and yet the complainants can adduce no decision which supports the construction for which they contend. We find cases which oppugn the construction. The statute of Ohio against fraudulent conveyances contains no words confining its operation to creditors, and no proviso in favor of *bonâ fide* purchasers for value, but provides that such conveyances "shall be deemed utterly void and of no effect"; but it has been held by the Supreme Court of that State that the operation of the statute is to be confined to the mischiefs in view, and that it must receive the same construction as though it had contained the restriction and proviso. *Lessee of Burgett* v. *Burgett*, 1 Ohio, 469; *Bancroft* v. *Blizzard*, 13 Ohio, 30. The statutes of Alabama, Illinois, Kansas, and Vermont omit the proviso, but nevertheless it has been held by the courts of last resort in those states that conveyances to innocent grantees for value are valid, notwithstanding they may have been made by the grantor with intent to hinder, delay, or

defraud creditors. *Stover* v. *Herington*, 7 Ala. 142, 151 ; *The Governor* v. *Campbell*, 17 Ala. 566 ; *Ewing* v. *Runkle*, 20 Ill. 448 ; *Gridley* v. *Bingham*, 51 Ill. 153 ; *Farlin* v. *Sook*, 30 Kansas, 401 ; *Leach* v. *Francis*, 41 Vt. 670. We think our statute must be similarly construed.

The complainants contend that Claflin is only entitled under the circumstances to hold the estate as security for what he paid for it. Doubtless relief in that form may properly be administered under some circumstances. The complainants seem to suppose that the testimony reported in support of the petition for a new trial is before us for all purposes. We do not take that view. We think we have nothing to do with it except for the purposes of the petition, and that for all other purposes we know only what is alleged in the bill and admitted or not denied in the answer, and what has been found by the jury on the issues submitted to them. We think we ought to know more before granting relief in the special form suggested.                         *Petition dismissed.*

*James Tillinghast*, for complainants.

*Ziba O. Slocum*, for respondent Claflin.

*Joseph E. Spink, Charles H. Page & Franklin P. Owen*, for the other respondents.