JEROME McGINNIS ET AL.

v.

THOMAS FERNANDES.

*Replevin—Corn in Shock—Ejectment—Judgment for Plaintiff in— Lease during Pendency of Suit—Crops.*

A lessee of farm lands, the relation being entered into pending an appeal by his lessor from an adverse decision in an action of ejectment involving the land in question, can not hold the crops raised thereon, though severed from the soil, where the judgment in behalf of the plaintiff in such suit is affirmed in the higher court.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Sangamon County ; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. GROSS & BROADWELL and J. F. BARROW, for appellants.

Messrs. GREENE & HUMPHREY, for appellee.

WALL, J. The appellee recovered a judgment in an action of ejectment from which the defendant therein prosecuted an appeal to the Supreme Court, pending which appeal said defendant leased the land to the appellants in the present case. The appellants cultivated the land in corn, and the crops, being mature, were cut and shocked on the land. The judgment in ejectment was affirmed by the Supreme Court and a writ of possession was executed by the sheriff, and the land, with said corn in shocks, one thousand in number, being thereon, was delivered to the appellee.

The appellant brought replevin against the appellee for said shocks of corn, and the cause was submitted to the Circuit Court without a jury by consent. The finding and judgment of the court thereon was for the appellee, from which

McGinnis v. Fernandes.

an appeal was taken to this court. The question is, to whom did the corn belong? We think it was correctly answered by the Circuit Court. By the judgment in the ejectment case it was conclusively determined that the land was owned by the appellee and that the possession of the lessor of the appellants was unlawful, and so was their possession. They could acquire no rights by such an unlawful possession as against the appellee in anything they might produce on the land.

Various authorities are cited by appellants as to the effect of a severance of the products of the soil. Were the question between debtor and creditor, executor and heir, vendor and vendee, different considerations would be involved. It is not to be doubted that in this State the rule is that growing crops would pass by the writ of possession. It was so held in Altes v. Hinckler, 36 Ill. 275, where the court, in speaking of such crops, remark: "For some purposes and between some parties they are so (personal property), but between the successful plaintiff in an action of ejectment and the evicted defendant, they are unquestionably a part of the realty"

We are unable to see how a severance, unlawfully produced, could change the situation and give legal value and efficiency to the result of the unlawful act. In Simpkins v. Rogers, 15 Ill. 397, it was held that the owner of land could maintain trover for crops grown upon his land without his permission, and in Cratty v. Collins, 13 Ill. 567, it was held that one who, without right, makes a crop upon the land of another, can not maintain trespass against the owner of the land for appropriating the crop to his own use. See, also, Powell v. Rich, 41 Ill. 466, where it was said: "As between landlord and tenant, debtor and creditor, and under our statute between the executor and heir, growing crops are personal property. But as between a trespasser and owner of the soil and a vendor and a vendee, they are realty." A tree, when growing upon the land, is realty; but when cut down and made into rails or posts or lumber, the character of personalty attaches to the product, and if the owner of the land were to sell it (the land), the rails or posts or lumber would not pass by the deed. Cook v. Whiting, 16 Ill. 480.

This is where the cutting down and manufacture is lawfully done—by the owner or by his consent. But if the tree were unlawfully cut down by a trespasser, and carried away after conversion into rails or boards, the right of the owner would in no wise be affected. He could pursue and recover as long as he could identify. The change in the character of the property, making personalty of what was realty, could not help the wrongdoer.

If one wrongfully in possession of timber land is sued in ejectment, and the owner is awarded the possession in such action, it should not affect injuriously the rights of the latter, that the timber had been by the former unlawfully converted into rails or staves. It would be a strange proposition that the wrongdoer in such case could rightfully claim the proceeds of his own tortious act, and thereby deprive the land owner of the timber, which was its most valuable part. In the present case, the Circuit Court had held, in the ejectment proceeding, that appellee was entitled to possession before appellants took their lease. They were, of course, bound to take notice of the facts, and, as the proof shows, they had actual knowledge thereof. The mere appeal did not affect the validity of the judgment, but only suspended its operation. Curtis v. Root, 28 Ill. 367; Oakes v. Williams, 107 Ill. 158. The land was then the property of appellee, and had been from the beginning of that suit. No change of title resulted from that judgment. It merely adjudged that the land was the plaintiff's, and therefore the defendant and those under him were unlawfully in possession.

It is unreasonable and illogical that on such facts the defendant or his' lessors could, by any act of his or theirs, reap a profit from their unlawful occupancy. In Adams on Eject-ment, 367, it is said: " When the sheriff declares the possession of the land under the writ of *habere facias possessionem*, he thereby also delivers possession of the crops upon it, and such crops will pass to the lessor, although severed at the time of the execution of the writ, provided such severance has been made subsequent to the determination of the tenant's interest, and of the day of the demise in the declaration.

And the growing crops will also pass to the lessor by the execution of the writ of possession, although previously seized under a *fieri facias* against the tenant, if the day of demise be prior to the issuing of such *fieri facias*, inasmuch as they can not be said to belong to the tenant, who is a trespasser from that day." The following citations sustain the same position: McLain v. Boner, 24 Wis. 295; Kimball v. Lohmas, 31 Cal. 154; Rowell v. Klein, 44 Ind. 290; Am. and English Cy. of Law, Vol. 6, 245.

The case of Brothers v. Hurdle, 10 Ire. 490, which maintains the opposite view, is pressed upon us. There are probably other cases to the same effect, but we are not persuaded of their correctness.

We are of opinion that upon the facts the judgment of the Circuit Court was right, and have not deemed it necessary to specially consider the legal propositions held at the instance of appellee.

In substance, however, they accord with the general views we have stated and are approved. The judgment will be affirmed.

*Judgment affirmed.*