Jerome McGinnis *et al.*

*v.*

Thomas Fernandes.

</div>

<div align="center">

*Filed at Springfield November 1, 1890.*

</div>

| 135 | 69 |
|-----|-----|
| 97a | 141 |

1. Ejectment—*crops grown upon the premises—to whom they belong.* As between the successful plaintiff in an action of ejectment and the evicted defendant, growing crops are a part of the realty, and belong to the plaintiff.

2. Tenants of the defendant, in this regard, are in no better position than the defendant himself.

3. The wrongful act of the defendant or his tenants in severing the crop from the soil can not destroy the ownership in the plaintiff.

4. Nor does the fact the successful plaintiff in ejectment may have his action for *mesne* profits in anywise impair his right of ownership in the crops grown on the premises.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

Messrs. GROSS & BROADWELL, and Mr. J. F. BARROWS, for the appellants:

In legal contemplation, crops are "growing" only so long as they depend on the soil for sustenance. While so depending they pass with the realty, but not if they have become matured. *Powell* v. *Rich*, 41 Ill. 466.

Crops while still growing and immature are not always part of the realty. As between landlord and tenant, debtor and creditor, and, under the statute, between the executor and heir, they are personalty. (*Powell* v. *Rich*, 41 Ill. 466.) They are also so far regarded as personalty as that a justice of the peace was held to have jurisdiction of an action of trespass for their injury. *Reed* v. *Johnson*, 14 Ill. 257.

Trees, grass, crops, etc., in which general designation are included not only the natural productions of the soil, but the joint productions of the soil and the labor and art of man, while attached to the soil, are, as has been seen, incident thereto and form part thereof; yet when severed from the soil their character is changed. 2 Blackstone's Com. *388; Freeman on Executions, sec. 113; *Wincher* v. *Shrewsbury*, 2 Scam. 283; *Johnson* v. *Barber*, 5 Gilm. 425; *Brown* v. *Throckmorton*, 11 Ill. 529.

The owner of the fee, out of possession, can not have his action for the products of the soil, or of mines, quarries, etc., severed therefrom, as against one in the actual, open, adverse possession, holding and claiming as owner. *Brothers* v. *Hurdle*, 10 Ired. L. 490; *Martin* v. *Thompson*, 62 Cal. 618; *Gardner* v. *Kersey*, 39 Ga. 664; *Mather* v. *Trinity Church*, 3 S. & R. 509; *Baker* v. *Howell*, 6 id. 476; *Brown* v. *Caldwell*, 10 id. 114; *Hallock* v. *Mixer*, 16 Cal. 572.

The converse of the proposition must be equally true. A prior occupant claiming ownership and holding adversely to the fee owner may have his action against the latter for such products of the soil, mines, quarries, etc., seized and converted by him, as the former had severed therefrom while in posses-

sion. *Lampton* v. *Preston,* 1 J. J. Marsh. 454; *Elliott* v. *Powell,* 10 Watts, 453; *Snyder* v. *Vaux,* 2 Rawle, 423; *Ray* v. *Gardner,* 82 N. C. 454; *Branch* v. *Morrison,* 6 Jones' L. (N. C.) 16; 5 id. 16.

A successful plaintiff in ejectment, on being put in possession, does not acquire a right of property in crops grown on the land, though found on the premises. They are personal chattels, and belong to the adverse claimant. *Brothers* v. *Hurdle,* 10 Ired. L. 490; 51 Am. Dec. 400; *Ray* v. *Gardner,* 82 N. C. 454; *Gardner* v. *Kersey,* 39 Ga. 664; 99 Am. Dec. 484; *Branch* v. *Morrison,* 5 Jones' L. (N. C.) 16; *Snyder* v. *Vaux,* 2 Rawle, 423; *Brown* v. *Caldwell,* 10 S. & R. 114; *Lampton* v. *Preston,* 1 J. J. Marsh. 454.

At the common law, the successful plaintiff in ejectment, upon recovering possession, had his action in trespass *quare clausum fregit,* founded on his judgment in ejectment, for *mesne* profits for the time he had been wrongfully kept out of possession; and this he had by the *jus post liminii* or fiction of relation, whereby he was considered as having been in possession all the time, and so recover the *mesne* profits and damages for the injury to his freehold by the severance of any part of it, or for any other injury occasioned by the breach of his close, but not for the purpose of vesting in him a right of property in chattels personal. *Brothers* v. *Hurdle,* 10 Ired. L. 490.

Although such successful plaintiff might in such action recover rent for the premises, he could not take the growing crops and collect rent for the same year. *Gardner* v. *Kersey,* 39 Ga. 664; *Harding* v. *Larkin,* 41 Ill. 413; *King* v. *Baker,* 25 Pa. St. 186; *Ringhouse* v. *Keener,* 63 Ill. 234; *Harlan* v. *Harlan,* 3 Pa. St. 514.

Messrs. Greene & Humphrey, for the appellee:

There are many decisions holding that a writ of possession passes title to the crops grown since the demise, whether severed from the land or not. Adams on Ejectment, sec. 347;

*McLean* v. *Bovie,* 21 Wis. 295; *Kimball* v. *Lohmas,* 31 Cal. 154; *Rowell* v. *Klein,* 44 Ind. 290; *Craig* v. *Watson,* 68 Ga. 114.

As between a trespasser and the owner of the land, the crops belong to the latter. *Crotty* v. *Collins,* 13 Ill. 567; *Altes* v. *Hinckler,* 36 id. 275; *Powell* v. *Rich,* 41 id. 466.

A party entering under a defendant in ejectment takes only his rights. *Oetgen* v. *Ross,* 47 Ill. 142; *Wetherbee* v. *Dunn,* 36 Cal. 147; *Harding* v. *Larkin,* 41 Ill. 413.

Mr. Justice Wilkin delivered the opinion of the Court:

On April 21, 1886, appellee brought an action of ejectment against D. E. McGinnis and others, in the circuit court of Sangamon county, claiming the lands described in his declaration. Three trials were had, each resulting in favor of appellee, and on the last, (November 10, 1887,) judgment was rendered in his favor, finding that he owned the premises in fee, and was entitled to the possession thereof. From this judgment said McGinnis appealed to this court, which appeal remained undetermined until November 14, 1888, when the judgment of the circuit court was affirmed. On the same day a certified copy of the order of affirmance was filed in the clerk's office of the circuit court, and a writ of possession issued. On the next day the writ was executed, by placing appellee in possession of the premises. In March, 1888, after the rendition of said judgment in the circuit court, and while the appeal was pending here, said D. E. McGinnis leased the land to appellants, his sons, who took possession and raised a crop of corn thereon. This corn, at the time of the execution of the writ of possession, was cut up, and placed in shocks on the ground. Appellee refused to deliver it to appellants on demand, and they thereupon brought this suit in replevin. The judgment in the circuit court was for appellee. Appellants appealed to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed.

The only question involved in the case is, to whom did the property belong at the time this suit was brought. It was expressly decided in *Altes* v. *Hinckler*, 36 Ill. 275, that as between the successful plaintiff in an action of ejectment and the evicted defendant, growing crops are a part of the realty, and belong to the plaintiff. This ruling rests upon the fact that in law the defendant is treated as a trespasser. See, also, *McLean* v. *Bovee*, 24 Wis. 295; *Rowell* v. *Klein*, 44 Ind. 290; 15 Am. Rep. 235, and cases cited.

Appellants can not claim to be in any better position as to the corn in question than would have been their father had he raised it. They were wrongdoers in holding possession of the land and cultivating it. They, in law, have no better standing than had Collins, in *Crotty* v. *Collins*, 13 Ill. 567, or than did Rogers, in *Simpkins* v. *Rogers*, 15 Ill. 397. Being trespassers, appellants had no right to plant or cultivate the crop. Therefore, while growing or standing on the ground it belonged to the owner of the soil. The act of cutting and shocking it was also the act of trespassers. The growing corn was the property of appellee. The wrongful act of severing it from the soil could not destroy that ownership. The fact that the successful plaintiff in ejectment may have his action for *mesne* profits can not affect his right of ownership to crops grown on the land wrongfully withheld from him. That remedy may be wholly unavailing, by reason of the insolvency of the defendant.

We are satisfied with the conclusion reached by the Appellate Court, and the reasoning by which it is sustained in the opinion of Justice WALL.

*Judgment affirmed.*