### Hiram W. Keays et al. v. Edward D. Blinn, Administrator.

CROPS—*when pass to executor.* Crops growing upon land of a life tenant having power to dispose of the fee by will, pass, upon the death of such tenant, to his executor, and not to those upon whom the fee is cast.

Assumpsit. Appeal from the Circuit Court of Logan county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

BEACH, HODNETT & TRAPP, for appellants.

W. A. COVEY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This suit was instituted in the Circuit Court of Logan county by appellants against appellee to determine to whom the proceeds of corn, grown upon lands of one Gillett, deceased, belonged. The case was tried before the court without a jury and judgment rendered in favor of appellants in the sum of $427.82. The judgment not being the full amount claimed by them, appellants prosecuted this appeal.

The land upon which the corn in dispute was grown formerly belonged in fee to one John D. Gillett, who in his will disposed of the same as follows:

"I give and devise to my son John Park Gillett for and during the period of his natural life the following described tracts or parcels of land, to-wit: (describing the lands).

"It is my desire and intention to invest in my said son a life estate only in said lands, together with the limited power of disposition or appointment hereinafter granted or expressed.

"I hereby expressly empower my said son by his last will and testament and not otherwise, in case he shall depart this life leaving no child or children, or descendants of any child or children him surviving, to devise all the lands herein devised to him for life to any lineal descendant or descendants of mine, and to no other person whatever. Such devise shall be in fee simple absolute, but my said son may by such last will and testament divide such lands in such manner as he may desire among my lineal descendants or any of them."

Upon the death of John D. Gillett, his son, John Park Gillett, entered into possession of the lands under said will and remained in control thereof up to September 8, 1901, when he died leaving a widow, but leaving no child or children, or descendant of any child or children surviving him.

For several years prior to and up to the time of his death said John Park Gillett had carried on the farming of said premises and the growing of corn thereon, under contracts in which it was expressly provided that the other contracting party should properly raise, care for, husk and deliver in the cribs of said John Park Gillett all the corn grown on said premises, while said John Park Gillett was to furnish house rent, implements and teams and pay, as compensation to the other contracting party, the sum of ten cents per bushel for such corn raised, to be paid as soon as all of the said corn had been cribbed. All corn so raised on said lands, as well as all corn stalks was, by the terms of said contract, to be the absolute property of said John Park Gillett.

On the twenty-fifth day of March, 1890, said John Park Gillett made his last will and testament in which, in the event he left no child surviving him, he gave all his personal property to his wife, Inez M. Gillett,

and in the execution of the power of devise, given him in the will of John D. Gillett, named his sister, Jessie D. Gillett, devisee to have and take in fee simple all the lands of which he was to have the use for his life under said will, and also gave her in fee other lands owned by him in fee. In a codicil to said will said John Park Gillett made the appellants, Emma G. Oglesby and Hiram G. Keays, devisees to receive and take such lands in fee instead of and in place of said Jessie D. Gillett.

At the time of the death of said John Park Gillett the corn now in dispute was still in the field and not matured; but was afterward and upon its maturity, taken in charge by the executor of the last will and testament of said John Park Gillett as personal property belonging to his estate and sold.

The corn grown upon the premises upon which John Park Gillett had a life interest only, was sold by appellee for the sum of $12,000 net, approximately. The corn grown and pasture rent upon a part of the premises owned in fee by him came to $855.64, of which one-half went to the widow, who had renounced the will, and the other half belonged to appellants. The court entered a judgment in favor of appellants for $427.82, but held that as to the corn grown upon the premises not owned in fee by John Park Gillett, appellants had no interest therein, but that the same was emblements and went to the executors under the will.

It is now claimed by appellants that as the corn in dispute was grown upon lands, the fee of which was devised to them by the will of John Park Gillett under the power of appointment in John D. Gillett's will, and as the corn was not matured at the time of said John P's death, it passed with the devise and became the absolute property of appellants and that appellee is liable to them for its value, and many authorities are cited, claimed to be in support of that contention. In all of the cases cited by appellants the

testator whose will invested the devisees with the fee in lands and thereby gave them title to crops then standing upon the devised premises, the fee passed directly from the devisor, and not from one having no fee, but having in himself a life estate only.  If John P. Gillett at the time of his death had owned in fee the lands upon which the corn in dispute was growing, then such crop, if not severed, would have passed with the title to the devisee and this is, in effect, all that is held in Creel v. Kirkham, 47 Ill. 344, and Firebaugh v. Divan, 207 Ill. 287, which appellants seem to regard as decisive upon this question.

In the case at bar John Park Gillett had no interest whatever in the premises upon which the disputed corn was grown beyond that of a tenant for life.  The power delegated to him by John D. Gillett's will merely to designate one or more of a certain class of descendants or relatives of John D. Gillett as a devisee or devisees in fee, cannot be held as operating to enlarge the estate of John P. which the will of John D. Gillett expressly stated should be a life estate only.  Collins v. Wickwire (Mass.), 38 N. E. 365.

We hold that as such life estate of John Park Gillett was an uncertain one, in the matter of duration, and one to which an end was put by the death of said John P. the corn in question became emblements and as such passed to the executor under the will.

Taylor in his work on Landlord and Tenant, section 534, says:. "A tenant for life, or his representative and under tenant, as well as a tenant from year to year, or at will, is entitled to emblements; which is a right to take and carry away after his tenancy is ended such annual productions of the soil as are raised by his labor.  This privilege is allowed to tenants for life, at will and from year to year, because of the uncertain nature of their estates, and lest they should be deterred from the proper cultivation of their lands; and the general rule upon this subject is that if the term is so uncertain that the tenant at the time he

sows his crop, can not know that his tenancy will continue until he shall have reaped it, he will be entitled to the crop as emblements.''

In the Amer. & Eng. Enclycopædia, vol. 8, page 318, there is the following statement of the law upon this subject: ''When a tenancy is for an uncertain duration and is terminated by a factor not referable to an act of the tenant, he, or, in case of his death, his representative, is entitled to all annual crops growing upon the premises at the time of the termination of the tenancy. This right is known as the right to emblements.''

In Simpkins v. Rogers, 15 Ill. 397, it is said that: ''Where a tenancy at will is determined by the lessor, the tenant is entitled to the emblements, and to a reasonable time for the removal of his family and property with free ingress and egress for the exercise of these rights.''

This doctrine finds support in Stewart v. Doughty, 9 Johns. 112, where it was held that if a tenant, the duration of whose estate depended upon the will of the lessor, be ousted after the crop was in the ground he was entitled to emblements.

Blackstone in his commentaries in book 2, page 112, says: ''A tenant for life, or his representative shall not be prejudiced by any sudden determination of his estate, because such determination is contingent and uncertain. Therefore if a tenant for his own life sows the lands and dies before harvest his executors shall have the emblements or profits; for the estate was determined by the *act of God*.''

Appellants' counsel argue that John Park Gillett was himself a landlord and that the contracts between him and the other contracting parties made them the owners of the corn; that they were not employes but tenants of said John P. We think, however, the holding of the trial court in this respect was free from error. The corn was grown upon the premises involved under contracts that expressly provided that

the corn grown was at all times to be the property of the life tenant and in which the other contracting party had no interest whatever. They were to all intents and purposes his employes and not his tenants. In the growing of the corn said contracts provided that said John P. should furnish all implements and teams necessary for the care, growth and harvesting of such corn, keep the horses and mules in said teams well shod; keep a general supervision of the same and direct the manner in which they should be handled, cared for and driven, and should, for such raising and cribbing of said corn in the cribs of said John P., pay the sum of ten cents per bushel.

But even if appellants' claim under this feature of the case should be adopted, it could not affect or determine the relation that existed between John P. Gillett and the devisees to whom the fee passed under the will, or increase his estate beyond that of a life tenant. The estate of said John P. was fully and plainly determined by the will of John D. Gillett, and not by the will that John Park Gillett himself made.

Appellants next contend that there was error in the action of the court in failing to allow appellants half the proceeds of grain grown upon another piece of land owned by John Park Gillett in fee, but this claim does not seem to have been pressed in the court below, nor is such a showing made in this court in respect to it that a reversal of the judgment would be warranted on that account.

The judgment was right and is affirmed.

*Affirmed.*